**NOT FOR PUBLICATION**

|                                                    |   | **FILED** |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |   | JAMES J. WALDRON, CLERK<br><br>November 20, 2009<br><br>U.S. BANKRUPTCY COURT<br>NEWARK, N.J.<br>BY: /s/Diana Reaves, Deputy |

|                                       |   |                         |
|---|---|---|
| IN RE:                                | : | CHAPTER 7               |
| Mac Truong and Maryse MacTruong,      | : | CASE NO.:   03-40283 (NLW) |
|                            Debtor.    | : |                         |
|                                       | : |                         |
| Hugh MacTruong,                       | : | ADVERSARY NO.: 09-2684  |
|                            Plaintiff, | : |                         |
| v.                                    | : | **OPINION**             |
| Mac Truong and Maryse MacTruong,      | : |                         |
|                            Defendants.| : |                         |

**Before:    HON. NOVALYN L. WINFIELD**

**A P P E A R A N C E S :**

Mac Truong and Maryse MacTruong
c/o IMDIT Pro Se Services
325 Broadway, Suite 200
New York, NY 10007
Debtor/Defendants Pro Se

Hugh MacTruong
c/o IMDIT Pro Se Services
325 Broadway, Suite 200
New York, NY 10007
Plaintiff Pro Se

Steven P. Kartzman, Esq.
Adam Brief, Esq.
Mellinger, Sanders & Kartzman
101 Gibraltar Drive
Suite 2F
Morris Plains, NJ 07950
Attorneys for Trustee

This matter is before the court pursuant to the court's issuance of an Order to Show Cause directing Hugh MacTruong and Mac Truong to show cause (i) why the filing of a complaint in the United States District Court for the Eastern District of New York ("EDNY Complaint") does not violate the Filing Injunction dated February 14, 2008 ("February 2008 Filing Injunction"), and (ii) why they should not be held in contempt.  As described below, the court finds that the February 2008 Filing Injunction was violated, and that a monetary sanction is appropriately imposed against Mac Truong for his participation in the preparation and filing of the EDNY Complaint.

This court has jurisdiction to review and determine this matter pursuant to 28 U.S.C. §§ 1334 and 157(a), and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

**BASIS FOR FINDING OF CONTEMPT AND VIOLATION
OF FILING INJUNCTION**

There is a long history of vexatious litigation by Mac Truong before this court as well as other federal and state courts.  Much of this history can be found in previous opinions and will not be recounted here.[1]  This court alone has issued three filing injunctions in an attempt to channel Mac Truong's litigation so as to eliminate motions and other pleadings that are repetitive and unsupported by the facts and law.  The broadest injunctive relief imposed by the court is contained in the February 2008 Filing Injunction.  Pertinent to the matter at hand, the February 2008 Filing

---

[1] *In re Truong*, 22 A.D. 3d 62, 800 N.Y.S. 2d 12, 16 (1st Dept. 2005); *Truong v. McGoldrick*, 2006 U.S. Dist. LEXIS 44372 (S.D.N.Y. June 27, 2006); *In re Truong*, 2009 Bankr. LEXIS 2482 (Bankr. D.N.J. Feb. 26, 2009, *In re Truong*, 2009 Bankr. LEXIS 2440 (Bankr. S.D.N.Y. Sept. 3, 2009).

Injunction:

    (a)    enjoins Mac Truong, Maryse MacTruong and "any entity or individual acting on their behalf..from filing any new action seeking relief against (i) the Trustee...unless leave is granted by the bankruptcy court to file such action."

    (b)    requires that leave to file a new action be obtained by filing a motion supported by a sworn affidavit ... "stating that (i) the new action is based on new claims, issues or facts that have not been previously raised in any court and are not barred by the doctrines of issue preclusion or claim preclusion, (ii) that the affiant believes the facts on which the new action is based are true, (iii) that the affiant has no reason to believe the new claims are foreclosed by applicable law, and (iv) that the affiant acknowledges that the affiant may be found in contempt of court and punished accordingly if anything contained in the affidavit is determined to be willfully false"

    (c)    requires that if any matter is commenced in a non-bankruptcy forum, that a copy of the February 2008 Filing Injunction and the court's opinion with all exhibits be attached "...as a supplement to any complaint or motion in which they seek relief based on matters arising in or related to this bankruptcy case."

All three of these provisions were violated when Hugh MacTruong and Mac Truong filed the EDNY Complaint.

The EDNY Complaint seeks a declaratory judgment that title to, and/or the sale proceeds of 327 Demott Avenue, Teaneck, New Jersey (the "Property") belong to Hugh MacTruong. All of the facts and arguments set forth in the EDNY Complaint have been previously considered by either this court or other courts and found wanting.

    **1.**    <u>**The Property**</u>

Shortly after the Truongs commenced their bankruptcy case in the District of New Jersey the

Truongs removed to the bankruptcy court a lawsuit that had been commenced in the Superior Court of the State of New Jersey. In that suit, the creditor alleged that Mac Truong and Maryse Mac Truong had fraudulently transferred ownership of the Property first to Maryse MacTruong's sister and then to their son, Hugh MacTruong. The Trustee was substituted as plaintiff and after years of litigation received judgment in his favor, voiding the transfers of the Property, and revesting title to the Property in bankruptcy estate.

Regrettably, the litigation saga did not end with the avoidance of the fraudulent transfers of the Property. While the adversary proceeding was pending (and without notice to the Trustee) Mac Truong and Maryse MacTruong caused the Property to be further conveyed to two different limited liability companies, thereby causing the Trustee to seek and obtain summary judgments against both entities.[2] Appeals were made first to the District Court of New Jersey, and then to the Third Circuit Court of Appeals, neither of which were successful. While the Trustee was marketing the Property the debtors refused to cooperate with the Trustee's realtor and the court was forced to direct the U.S. Marshal to remove them from the Property. As a further delaying tactic Mac Truong and Maryse MacTruong moved to convert their Chapter 7 case to a Chapter 13 case. This court denied this motion, finding that their bad faith conduct made them ineligible for Chapter 13. *In re Truong,* 2007 Bankr. LEXIS 749 (Bankr. D.N.J. March 5, 2007). Even after the Property was sold Mac Truong filed complaints with other state and federal courts to attempt to undo the sale. The lack of success in these efforts (and presumably the existence of the February 2008 Filing Injunction) prompted a

---

[2]Mac Truong attempted to vitiate the effect of these orders by commencing a Chapter 13 case for To-Viet Dao LLC in the United States Bankruptcy Court for the Southern District of New York. The case was ultimately dismissed with a one year nationwide ban on a future To-Viet Dao LLC bankruptcy filing.

4

change in tactics. Mac Truong and Maryse MacTruong amended their scheduled exemptions to claim the sale proceeds from the Property as exempt. The Trustee objected and in an opinion dated October 16, 2008, this court denied the exemption amendment. *In re Truong,* 2008 Bankr. LEXIS 4243 (Bankr. D.N.J. Oct. 16, 2008).

Mac Truong also sought individual relief in the bankruptcy court for the Southern District of New York. His first Chapter 13 case, filed in 2007, was dismissed as a bad faith filing. The court also enjoined Mac Truong from future filings for one year, unless he was granted permission to file. In March 2009 Mac Truong filed a second Chapter 13 case. *In re Mac Truong,* 2009 Bankr. LEXIS 2440 (Bankr. S.D.N.Y. September 3, 2009). Subsequently, the Chapter 13 Trustee moved to dismiss the Chapter 13 as a bad faith filing and Mac Truong cross-moved, <u>inter alia</u>, for a declaration that all of the assets of the Chapter 7 case in this court were assets of the Chapter 13 case in the Southern District of New York. *2009 Bankr. LEXIS 2440 at \*13.*

Judge Glenn found that Mac Truong's Chapter 13 case was a bad faith filing, stating that "it is clear from the very long record that the Debtor filed the instant Chapter 13 petition in an effort to skirt the New Jersey bankruptcy court's jurisdiction once again and to abuse the bankruptcy system for his own advantage." *Id.* at \*18. Further, the court found that Mac Truong could not maintain a Chapter 13 case in the Southern District of New York while his Chapter 7 case was still open and pending in New Jersey. *Id*. at \*20. Judge Glenn also rejected Mac Truong's argument that the filing of the Chapter 13 case in the Southern District of New York effected a conversion of the Chapter 7 case pending before this court. The court explained: "[S]ince the case that was commenced in 2003 is still pending in bankruptcy court in New Jersey, and since the Property and the sale proceeds are part of that estate, subject to that court's jurisdiction, this Court has no

5

authority to convert that case or to in any way administer the Property." *Id.* at *21. Furthermore, the court pointedly observed that "[I]n any event, this is precisely the relief Judges Winfield and Peck already denied in prior opinions and orders. Those orders are entitled to preclusive effect." *Id.* at *22.

Judge Glenn's opinion was issued in early September 2009. On September 16, 2009 this court received a letter dated September 11, 2009, ostensibly from Hugh MacTruong, but signed by Mac Truong under a power of attorney for Hugh MacTruong. The letter requested leave to file a motion for declaratory relief. Specifically, it stated as follows:

> Kindly consider this letter a respectful request for a relief I am entitled to under Section 349(b)(3) of the Code **and/or a request for leave to file a formal motion** for a relief I am entitled to under the Code but either intentionally or inadvertently disregarded by my parents Mac Truong's and Maryse MacTruong's former Chapter 7 Trustee Steven P. Kartzman.
> The **relief I am now seeking is a declaratory judgment by this Court** that viewing that my parents' Joint Chapter 7 case, Docket #03-40283-NLW, which was voluntarily **converted without prior court leave** under 11 USC 706(a) on March 9,2009 to a case under Chapter 13, Docket #09-101405-MG, was dismissed six months later, without being reconverted to any chapter of the Code, on September 3,2009, by the Court [Copy of said 9/3/09 Dismissal Order may be electronically downloaded from the Docket Report of the Court], **pursuant to 11 USC 349(b)(3) the title to 327 Demott Ave., Teaneck, NJ, and/or the $571,000 Sale Proceeds thereof, being held by former Chapter 7 Trustee Kartzman, revests in the undersigned, Hugh MacTruong, the entity to whom the said property belonged immediately before the filing of my parents' original Joint Chapter 7 case on September 15, 2003.**
> As this Court is aware pursuant to 11 USC 706(a) a Chapter 7 Debtor may convert her case to one under Chapter 13 **without prior leave of court** by filing for a new Chapter 13 case while the Chapter 7 case is still pending. Indeed 11 USC 706(a) provides that: *"The Debtor may convert a case under this chapter to a case under chapter 11,12 ,or 13 of this title anytime, if the case has not been converted under section 1112,1208, or 1307 of this title. <u>Any waiver of the right to convert a case under this section</u>* **is**

6

> *unenforceable.* **"[Emphasis added]**
>
> As this Court is further aware my parents' former Chapter 7 case in this U.S. Bankruptcy Court, located in Newark, New Jersey, under Docket No. 03-40283-NLW, was not a converted case from any other chapter but an original one. Hence undisputedly they had the right to voluntarily convert under 11 USC 706(a) **with or without prior court leave,** which is not required as a matter of law. The fact that a debtor's newly filed Chapter 13 case may be dismissed by the Court for cause pursuant to 11 USC 1307(c) does not void *ab initio* her voluntary Section 706(a) conversion even though without prior court leave. **As such all the legal implications of a Section 706(a) Conversion must take effect during the period of time between the commencement of the Chapter 13 Proceeding and its dismissal, if any. For instance, due to said voluntary conversion without prior court leave, <u>pursuant to Section 348(el of the Code Mr. Kartzman's duties as the Trustee of mv parents' former Chapter 7 estate were terminated as of March 9,2009 as a matter of law.</u>** (emphasis in the original)

By letter dated September 17, 2009 this court denied the request to file a motion for declaratory relief. The substance of the court's correspondence advised Hugh MacTruong that Judge Glenn had already declined to adopt the analysis proffered, and that his legal theory lacked merit. Merely days later, on September 23, 2009 Hugh MacTruong, as plaintiff, filed a complaint in the Eastern District of New York seeking declaratory relief against Mac Truong and Maryse MacTruong. The relief sought in the EDNY Complaint is the very same relief requested by Hugh MacTruong in his letter to this court. The complaint also requests that "all concerned parties, including ... those who are/were trustees, administrators or custodians of the Property" to comply with the requested declaratory relief. The filing of the EDNY Complaint is violative of the February 2008 Filing Injunction because (i) it was not authorized by this court and (ii) it sought to compel the trustee to turnover the Property or the proceeds of its sale to Hugh MacTruong.

By the transfer order dated October 19, 2009 ("Transfer Order), the Honorable Carol Bagley

Amon transferred the EDNY Complaint to this court for disposition.

Hugh MacTruong argues that he should not be found in violation of the February 2008 Filing Injunction and should not be held in contempt because (i) he claims never to have been served with the February 2008 Filing Injunction, (ii) the EDNY Complaint is not an action for relief against the Trustee, and (iii) he is acting in his own interest and not on the behalf of Mac Truong or Maryse MacTruong. Mac Truong's response to the court's Order to Show Cause argues that because he is not a plaintiff he cannot be subject to contempt.

The arguments advanced are without merit. First, as the Trustee points out Mac Truong's claim to have no role in the filing of the EDNY Complaint is simply not credible. The EDNY Complaint contains some of the very same arguments advanced by Mac Truong before Judge Glenn, and repeated to this court in a letter dated March 9, 2009.[3] Further, acting under a power of attorney given by Hugh MacTruong, he submitted the September 11, 2009 request for permission to file a motion for declaratory relief that contained the exact same arguments repeated in the EDNY Complaint filed only days later. Mac Truong's participation in the EDNY Complaint is inescapable given the foregoing. Moreover, Mac Truong's participation in filing of the EDNY Complaint was also noted by Judge Amon. In the Transfer Order Judge Amon specifically pointed out "At the outset, the Court takes note that although the complaint is purportedly filed by plaintiff Hugh MacTruong, the party who actually filed the papers with the Clerk's Office is one of the named defendants, Mac Truong. Defendant Mac Truong paid the filing fee on plaintiff's behalf." *(Transfer Order , p. 1)*

---

[3]In this letter, Mac Truong advised this court that he had filed a Chapter 13 petition in the Southern District of New York and that the Chapter 7 estate assets should be turned over to the Chapter 13 Trustee.

8

Finally, the effort to relitigate every issue in a new forum is a classic Mac Truong litigation strategy. Mac Truong's first New Jersey bankruptcy case and the current New Jersey case were filed in part to relitigate issues either already decided or in litigation in the state and federal courts of New York. Similarly, the bankruptcy cases filed in the Southern District of New York were commenced to avoid rulings issued in this case. In short, Mac Truong's orchestrating hand is very evident in the filing of the EDNY Complaint.

To date, the court has not imposed monetary sanctions against Mac Truong because it appeared to the court that in other proceedings such sanctions did not have any deterrent effects.[4] However, the cost to the Trustee of defending against the unfounded complaints and motions cannot go unnoticed. Thus counsel for the Trustee is directed to submit a certification of services for his participation in this Order to Show Cause.

As to Hugh MacTruong, the court does not find credible his contention that he did not know of the February 2008 Filing Injunction. His September 11, 2009 letter to the court requesting permission to move for declaratory judgment evidences his knowledge of the terms of the injunction. Importantly, Hugh MacTruong does not contend that his father, Mac Truong, exercised the power of attorney without his knowledge or permission. In fact, just two days after the EDNY Complaint was filed, by letter dated September 25, 2009, Hugh Mac Truong sought reconsideration of this court's denial of his request for declaratory relief and scolded this court for its erroneous ruling.

---

[4] In 2003 the Appellate Division suspended Mac Truong from practicing law while his conduct was being investigated. It noted that "the record clearly establishes respondent's continual disrespect for the courts and his adversaries, and that his unprofessional, vexatious behavior is undeterred by monetary sanctions or by court-ordered injunctions." *In re Truong,* 2 A.D. 3d 27, 768 N.Y.S. 2d 450, 453 (1st Dept. 2003)(per curiam). Mac Truong was subsequently disbarred. See, *In re Truong*, 22 A.D. 3d 62, 800 N.Y.S. 2d 12, 16 (1st Dept. 2005).

9

While neither the September 11, 2009, letter nor the September 25, 2009 letter completely complies with the requirements of the February 2008 Filing Injunction, they certainly evidence knowledge of its terms.

Nor is the court persuaded that Hugh MacTruong is not acting on behalf of Mac Truong and Maryse Mac Truong. The whole thrust of the EDNY Complaint is recovery of the Property or the proceeds from its sale. By his own admission Hugh MacTruong resides in France. His parents, Mac Truong and Maryse MacTruong resided at the Property and fiercely fought the Trustee's every effort to gain control over the Property.

Equally unconvincing is his contention that he seeks no relief against the Trustee. The ultimate relief sought in the EDNY Complaint is to obtain a finding that the Property and/or the proceeds of sale should be turned over to Hugh MacTruong and that the Trustee comply with such a finding. Nonetheless, because the court believes that Mac Truong, not Hugh MacTruong, was the primary architect of the EDNY Complaint, no monetary sanctions will be awarded against Hugh MacTruong at this time.

Finally, because Mac Truong and Hugh MacTruong have attempted to exploit what they perceive as omissions in the February 2008 Filing Injunction, the court will issue an amended filing injunction to clarify that unless this court grants prior authorization, no proceeding may be commenced by Mac Truong, Maryse MacTruong or Hugh MacTruong regarding the Property or the conduct of any individual or entity that participated in the recovery or sale of the Property.

Dated: November 20, 2009

_____
NOVALYN L. WINFIELD
United States Bankruptcy Judge

10